JAROSLAV RADDA, Respondent, *v.* ANNA RADDA, Appellant.

First Department, November 9, 1917.

**Husband and wife — divorce — evidence — former decree of divorce — erroneous charge.**

Where in an action for a divorce a prior foreign decree divorcing the defendant from a former husband was put in evidence for the sole purpose of showing that she was served by publication and had no opportunity to defend the charge of adultery alleged in the former action, it was reversible error for the court to charge, in effect, that the decree finding the defendant guilty of adultery stands as a decree of the court and that she was convicted of that act and that the decree threw light upon her disposition. This, because the charge allowed the jury to attribute to the defendant a general inclination to adulterous intercourse.

APPEAL by the defendant, Anna Radda, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of March, 1917, granting plaintiff

a divorce upon the decision of the court after a trial at the New York Special Term, the issue of adultery having been first tried before a jury, and a verdict rendered in plaintiff's favor.

An appeal is also taken from an order entered in said clerk's office on the 1st day of March, 1917, denying defendant's motion for a new trial made upon the minutes.

*O. H. Droege,* for the appellant.

*Charles Recht,* for the respondent.

DAVIS, J.:

The plaintiff charged the defendant with having committed adultery with one Henry Grossman on September 21, 1916, and on September 29, 1916, at certain specified places. Plaintiff and defendant were married in New Jersey on January 9, 1913. Defendant had been married twice before. Her first husband divorced her on the ground of adultery, and from her second husband she obtained a divorce at Reno.

The corespondent testified in favor of the plaintiff under a commission issued for his examination in Massachusetts, where he lived. He said he had sexual intercourse with the defendant in Yonkers on September 21, 1916, and in a hotel in One Hundred and Tenth street on September 29, 1916. The register of the hotel was produced and contained an entry, " Grossman and Wife, Newark, N. J." He was corroborated in part by the witness Petrick, who testified that on September 29, 1916, he followed defendant and Grossman and saw them enter the hotel in question.

The defendant denied the allegations of the adultery and testified at length in support of her denial.

The appellant contends that the court committed error in its explanation of the effect as evidence of a former decree of divorce against the defendant on the ground of her adultery. The decree in question was put in evidence by the defendant at the suggestion of the court. In offering the decree counsel stated that he offered it for the limited purpose of showing that the process was served by publication. This decree came into the evidence under the following circumstances: On her cross-examination the defendant was interrogated about

her first divorce. She said that her first husband obtained a divorce against her, but that she did not know that it was for her adultery as she was never served with papers and that the divorce was not legal; that she afterwards married again because the priest told her that her husband had obtained a legal divorce. She further said that the priest told her she could break the divorce but she refrained because of lack of means.

On redirect examination defendant said that she separated from her first husband in 1900 and went to live in Buffalo, and that she had never been in Chicago (the alleged place of her residence according to the proceedings against her for the first divorce). She also testified that she had never committed adultery with Sampalik, the corespondent in the first divorce action. On further examination by her counsel, she testified that she first heard of the divorce a year or two after it was granted; that she consulted a lawyer, who advised her that the decree could be set. aside; and that she did nothing about it for lack of means. In explanation of his course in asking these questions, defendant's counsel said it was to prevent any reflection upon his client in the present case because of the first divorce. Thereupon the following colloquy took place: " The Court: The judgment now apparently is the decree of the Court. Mr. Droege: We don't attack it, but I want to show that this was obtained by publication. The Court: Why don't you put the record in evidence? Mr. Droege: I offer it in evidence for the purpose of showing that it was obtained by publication, claiming that she lived in Chicago at that time."

It thus appears that neither side intended to attack the validity of the first decree, and that the sole purpose of the defendant's attorney in putting it in evidence was to mitigate the bad effect of the decree upon his client's case by showing that she was served by publication, that she did not know the suit was pending and thus had no opportunity to defend herself against the charge of adultery made in that proceeding. The court made no reference to the decree in its main charge, but when the plaintiff's counsel requested a charge that the defendant was bound by the decree, the court said: " Yes, I would say that, as to the decree against this defendant finding her guilty of adultery, and that decree stands as a

First Department, November, 1917.          [Vol. 180.

decree of the court that she was convicted of that act, and the decree was founded upon that, and that is the absolute fact established by the judgment in that case."

Defendant excepted to this instruction. The instruction, we think, placed undue emphasis upon the adultery of the defendant as involved in the first decree, and failed to point out the principal significance of the decree, that is, its effect as establishing the status of the defendant as having been previously divorced. The court further said: " The effect of that decree is only this, as throwing light upon the disposition of this woman." It thus appears that the former decree was used, not so much to prove the first divorce as to prove a previous adultery with another person, and thus allow the jury to attribute to the defendant a general inclination to adulterous intercourse.

It is contended that the decree, once in evidence, was in for all purposes. Speaking generally that statement is quite true. But it cannot be used to prove defendant's previous adulteries with other persons not alleged in the pleadings, as was done here. (*Stevens* v. *Stevens*, 54 Hun, 490.)

The jury found that the defendant committed adultery with the witness Grossman on September 29, 1916, at 87 East One Hundred and Tenth street, New York city. We think the defendant's case was prejudiced by the use made of the fact of defendant's former adultery. It is probable that it was a determining factor with the jury in their deliberations.

For these reasons the judgment should be reversed and a new trial granted.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Judgment reversed and new trial ordered. Order to be settled on notice.